The question you have, at least on the constitutional issues, is can the government limit the Constitution and statutory rights because the person exercising those rights does not want to pay taxes? That's not the way I would phrase the question, but that's exactly the way the government phrased the question. I direct the Court's attention to page 159 of the Joint Appendix in their motion for reconsideration. The government said, the defendant corruptly endeavored to impede the due administration of the Internal Revenue Code, and he committed acts, alleged in paragraphs 1M through 1U of the indictment, with the intent to secure an unlawful benefit for himself and others, namely avoiding the payment of his and his wife's taxes. And in this case, as you saw, we have experienced prosecutors in the Department of Justice, actually, and the Department of Internal Revenue, all of them claiming that the acts in the indictment 1A through 1U are a violation of law and are criminal. And I would like to take a moment to actually look at some of those acts. Let's start with what was excluded. That's what they claim, but that's not exactly the way Judge Lee handled it. He interlineated those various paragraphs. Not exactly, no. What he did, Your Honor, is he struck out 1A through 1U. Pardon me? Go ahead. Well, he struck the first few because they were beyond the statute of limitations, but in fact, he had this two-column approach. If you had an act that violated 1M through 1U, he had to couple it with acts from the other. He had them coupled with B, W, X, and Y. That's right. And, I mean, you don't maintain that there's any protected activity in B, W, X, and Y, do you? Do I think that that – am I claiming that that's a – No, no, there's no protective activity, nothing – That's right. No, I agree with that. So in order to – the way Judge Lee instructed, in order to convict, they would have had to have found B, W, X, and Y, so everything else is simply immaterial, isn't it? No. Why not? For a couple of reasons. Reason number one is those B, W, X, and Y are themselves actual criminal acts and were actually charged as criminal acts. Judge Lee said in order to make those criminal acts also a criminal act under the obstruction statute, you have to add something that is constitutionally protected. So in other words – Are you saying that you had to find one from Column 2 and for the obstruction charge, one from Column 1? Yes. And to get the obstruction charge, that's the way Judge Lee modified the indictment. And what in Column 1 do you argue is problematic? Most of it, actually. But let's start with – let me give you a couple of examples. If you look at – I think it's T – Mr. Jentz goes to the clerk in Fairfax County and he says, Look, we have – They file documents like a notice of trespass. No, not that one. I'm sorry. I probably gave you the wrong one. Well, look at S. Yes. That's the one. S is the one I meant to be talking about. So what happens is he goes to Mr. Fry, who's the clerk in Fairfax County, and he says, Look, most liens are the result of a trial or a hearing. And the judge has made a decision. Both parties came in. They put their evidence before the court and the judge made a decision. A tax lien is simply a claim by the government that you might owe money to the IRS. The verdict was a general verdict, wasn't it? I'm sorry? Yes. So my question was can we know which one of Column 1 the jury relied on? No. And that's the thrust of your argument, isn't it? That's right. And the problem is that the government – he goes to Fry. He makes his argument. Fry says, Send me some authority. He sends some authority. The government says that was a crime. Now, I don't think it can be a crime to send authority to a public official who asks for authority. But they had to – the way Judge Lee handled this, they still had to find the B, W, X, and Y. So, I mean, the other would essentially be you know that he had been convicted of unlawful conduct. You know that. I mean, because they had to find from that second column. Well, I see my time is up. Sorry. You can respond. Pardon me? You may respond to Judge Wilson's question. Yeah. They did, but the problem is that once the jury was told all these things that the government could make illegal, and if our defense is good faith, how do you have good faith to challenge the IRS if the IRS can make everything that you did, which seemed perfectly legal beforehand, illegal? So it really tainted the whole trial in that regard. But the fact of the matter is, like I said, those were specific statutes that were charged in subsequent counts. They made this count by adding the exercise of statutory and constitutional rights. Thank you. Thank you, Mr. Stillman. Mr. Miller? Good morning. Morris Gregory, Judge Duncan, Judge Wilson. I'm Marvin Miller from Mr. Jentz. I'm going to address some of the trial errors and the instruction errors. By the way, if you look at why, which is falsely telling the IRS that he doesn't have taxable income in the context of his belief that his income as plumbing wages are not taxable, that's not necessarily false. But what we're dealing with here is a case of failure to file that was brought after he filed his taxes and of obstructing or impeding the IRS by the various two-column approach and seeking a false return, a refund he's not entitled to. Under Cheek, which is the tax case, in criminal tax prosecutions, you have to prove, because of the complexity of the tax law, willfulness. You have to prove there's an existing duty that's imposed by the law, that the defendant knew that that duty existed and then voluntarily and intentionally violated it. In Cheek, the court said, in criminal tax prosecutions, where the defendant did not believe that the tax law applied to him. In this case, he didn't believe that his income was taxable. I think a similar thing to actually the same defendant in the Cheek case. Or he believes that what he is doing is lawful. For example, when he made the application in count two for the refund, he had been to a seminar, they said this was a legal way to do things, he talked to people, he talked to some judge, and he thought, okay, that's fine. Then the jury looks at that and they're entitled to decide that if the defendant believes it and the defendant believes it in good faith, then they can't find that the defendant also was willful in violating the law. And it's subjective, not objective. So it's a subjective belief. And any relevant evidence that's material to that issue is what the jury's entitled to consider. So in the government's case in Cheek, they put on Mr. Eggleston, a contractor who uses Mr. Jentsch, the plumber, in his work for 15 years. I respectfully consider that Judge Lee didn't understand Cheek, which is why in the first round of Mr. Eggleston's testimony, he wouldn't let him testify about his beliefs of why he shouldn't have to pay taxes. The government recognized that, they recalled Mr. Eggleston, and Mr. Eggleston testified that Mr. Jentsch, after studying the matter and looking into it for a period of time, believed that his wages as a plumber were not taxable. Then Mr. Eggleston was asked whether or not, in his view, when Mr. Jentsch told him that, he was sincere. Mr. Eggleston is a layperson. He wasn't testifying as a scientist or as somebody skilled with certifications or expertise in training. He was a 701 lay witness. He was talking about presence, sense, impression, and he was asked that and he was not allowed to answer that, to me, was sincere. Let's assume that there was error. Why does it matter when Jentsch testified, his wife testified, and his accountant testified as to the sincerity of his belief? Why would Eggleston's testimony not be cumulative? At that point, Jentsch hadn't testified. Jentsch didn't have to testify. If we'd have been able to get that evidence from Eggleston, a neutral witness, about his sincerity, then it wouldn't have been necessary for Jentsch to testify. Another trial error also put him in the box where he was forced to testify. Because when Mrs. Jentsch testified, she was asked about the reputation in the community, not her opinion. What do these other people over here think about this guy? And she said the other people over here think about this guy that he's honest. Then the government was allowed to put in to evidence his prior conviction for knowingly producing an ID that would appear to be government issued to someone else. That didn't impeach her. It didn't impeach him because he wasn't testifying, and it wasn't a crime of moral turpitude or dishonesty. Getting back to your 701 argument, it does appear that you're acknowledging that Mr. Jentsch would have had to take the stand. Well, he would have had to take the stand after his wife testified. Because of the introduction of the prior conviction, that's possibly true, but the two things in combination did that and required it. Bigger error in this case occurred during the instruction phase. Good faith was a defense. So what does the judge do? Normally you give a finding instruction. When you give a finding instruction, these are the elements. This is what they have to show. This is what the definitions are. These are the defenses. Consider this and make your finding. He didn't do that. He gave a finding instruction that told the jury that if, as to count one, he acted knowingly and intentionally and committed any of the acts, knowingly in group A and group B, then they must convict. They had no choice. And I've not seen instructions where a jury isn't told they must convict. You can convict. This is sufficient to convict. But they were ordered to convict. Later at the end, when he gives good faith, he takes out the core of it which is subjective. And he says to the jury that you may consider the unreasonableness of the defendant's views when deciding whether he held those beliefs in good faith. That is 180 degrees away from cheek. It's absolutely wrong. And so they could consider his views and the unreasonableness as they appear to the jury rather than as they appear to him in deciding whether he held those beliefs in good faith. Then later he says a good faith misunderstanding of the law is a belief that one is not violating the law. It negates willfulness whether or not the claim is objectively reasonable. But in considering the good faith portion of his belief, you get to look at reasonableness which is just absolutely takes the defense away from him for five out of six counts. And I would submit for six out of six counts because it should apply to count two because count two required willfulness. He instructed the jury on count two that you have to find that he asked for a refund that he knew he wasn't entitled to get. That's willfulness. So it should have applied to all. It just destroyed the whole case. Yes, Your Honor. I'm a little unclear on your first argument. If the jury found a constitutionally permissible, and let's assume that for the moment, offense in column one and an offense in column two unanimously beyond a reasonable doubt, why wouldn't they have to convict? Well, they can convict, but under the law the jury is entitled if they fear under the law, though you can't argue it, to nullification. So you can't order a directed verdict. And in actuality we don't know what they found because it was a general verdict and when one of the pillars upon which a verdict rests would be inadequate to sustain it, then the whole verdict goes. So that goes back to the argument about the court's instructions as to the need to find one act in each. That goes to that. And what also infects this instruction about the finding that they must is that it didn't give them consideration of the defense and when they got to the consideration of the defense, the defense was wrong. And the jury could find all of these things and still find that he had a good faith belief, that he was either not subject to the law and or that even if he was subject to the law, that what he was doing was lawful. And they're absolutely entitled to consider that. And as a matter of fact, in Screws, when they didn't give a proper instruction, the court on its own, Sua Sponti in the Supreme Court in that case, said even a heinous criminal who kills somebody like the sheriff did there is entitled to a fair trial with the instructions. And they reversed it. The same thing in Morissette. And in Mitchell, which is your case, which I did, I apologize for my errata, it was a mistake. But in Mitchell, it wouldn't even necessarily have gotten him an acquittal, but it would have made a difference to him in how the jury perceived his case between $11,000 or $14,000 and $41,000. So the instruction was fatal. That was one of the Pomponio cases. But the point is, if you don't give a fair, correct instruction on the law of a defense that's clearly well recognized, then there's no way that you can say that the jury verdict was a good verdict. Thank you, Your Honors. Mr. Davis? Thank you. May it please the Court, Counsel Gregory Davis for the United States. First, I'd like to address the District Court's two-column approach to the corrupt endeavor count. Because V, W, X, and Y clearly are not protected in any fathom, no stretch of the imagination can you say, two of the counts involve making false statements to an IRS agent, and two involve filing false returns. There's no possible way that anyone can say that those are protected speech. So even if there was a problem in the other portions, the jury had to conclude that the defendant had committed one of those four corrupt acts. Let me ask you, Act J, which was one of the ones that he crossed through, but you put in the indictment, and I'm struggling to understand why you think it would be appropriate that this would be. You said on or about June 11, 2004, the defendant recorded and caused his wife to record in Fairfax County, Virginia, a, quote, declaration of independence by public notice, close quote, claiming that his wife was, quote, not a party to the Constitution of the United States of America. Why is that just not by itself? I mean, it's ridiculous as an argument as it is, but why is it not just totally, completely protected speech? Your Honor, to the extent that it is protected speech, there are cases, as we cite in our brief. But that's not – I'm sorry, go ahead. That's all right. Speech is not protected when it is the very vehicle for the commission of the offense. But how is – I mean, when the actual – as a vehicle, the exercise of a First Amendment right can never – I mean, it doesn't seem like to me it could ever be a vehicle for unlawful conduct. I mean, if he writes his congressman and says, I don't believe I ought to be paying taxes, as bizarre as that might be, or from your perspective, it's still protected speech. I mean, it can't be criminal conduct. Unfortunately, we don't have to rely on that because of the way Judge Lee structured the – Why did you put it in the indictment? I cannot speak for the prosecutors. And it's not in the record. I'm sorry. So I – it's not in the record. I don't know the answer, to be perfectly honest. But the government is responsible for writing the indictment. That is correct. And that's your client. We draft the indictment, and then the grand jury returns the indictment. That is correct. But I'm still wrestling with your argument that a violation under Column 1 is cured by the not constitutionally protected nature of the items in Column 2. Because of the instruction that one item had to be found from each column, it's hard to – because of the way this is constructed, it's difficult – we can't tell whether a possibly impermissible consideration factored in. We cannot. That's the problem with this two-column approach. But the two-column approach, I believe, does solve the problem because in order to – the offense requires a – Column 2 cures it. Beg your pardon? Your argument is that Column 2 – you have to prove a corrupt endeavor to impede, impair, or obstruct the Internal Revenue Service. You don't have to – I mean, you just have to prove a corrupt endeavor. A corrupt endeavor is an attempt to obtain a benefit to which the person is not entitled or for someone else, and that person is not entitled to it. If you have a valid evidence of corruptness, and one of those four in Column 2 is sufficient evidence of a corrupt endeavor, any problem with Column 1 doesn't matter. I don't know how I can – Right. I understand that your argument. Okay. Is this a common mechanism, this two-column approach? I don't know. And it's not in the record? It's not in the record. Thank you. I've never tried a case, Your Honor. I've only been an appellate lawyer. I don't know. So you argue, of course, that Column 1 is superfluous? In this – I am arguing that Column 1 is superfluous, correct. Pretty confusing to a jury, isn't it? Well, jurors are smart people. Sure, they're smart people, but they're also susceptible to strain and unusual instruction. But the jury is still going to have to find one of the corrupt endeavors in V, W, X, and Y. Two of those are making false statements to an internal revenue agent. Two of those are filing false documents, false returns. The jury is not going to be confused by that. That's something – they had to agree unanimously on one of those. The jury won't be at all confused. The first part is superfluous. Were they instructed that they did not find anything in Column 1? They were not. They were instructed they had to find – if it wasn't required, but Column 2 was required, then the requirement was still satisfied. The elements of the offense are still there if the jury had to find something in Column 2. That was – they had to find a corrupt endeavor, and one of those four, V, W, X, and Y, those were corrupt endeavors that no one here is arguing were protected speech. May I ask who gave – I mean, who tendered instructions V, V, V, X, X, X, and Z, Z, Z? They're in the record, and I was trying to – because those are really the ones that I think Judge Lee relied on when he was instructing. At least that's the way it seems from the record, and I couldn't determine who tendered them because if there is an error, and I'm not suggesting there is, it seems that they may have been – it may have been injected by those tendered instructions. Were those government instructions? I don't know, Your Honor. I simply don't know. I can inquire. I suspect opposing counsel might know. I believe he tried the case. I simply don't know. Now, if I could briefly move on to Mr. Eggleston. I believe it was Judge Duncan who pointed out that Mrs. Jantz testified that – and Mr. Jantz's accountant, former accountant, testified as to the sincerity, their perception of the sincerity of his beliefs. Anything from Mr. Eggleston would have been cumulative. That's an independent person. The other two were hired by him and his wife. But it still would have been cumulative. It's not cumulative. You mean to tell me that you have three witnesses, and two of them are the ones who live with you, and one is an independent person, no skin in the game is going to support your position. You're saying it's cumulative because you're only allowed to get the two who live with you and the third who's independent. That's cumulative? The accountant was far from a friendly witness. The accountant basically testified that he had told the defendant that his position was silly. So it's very difficult for me to accept the characterization that – Even more the reason that he needed a third person. Well, if you have a – I didn't help you. No, if you have someone who's hostile to you saying that he appeared sincere in his beliefs, that's pretty strong evidence to support your claimed good faith defense. But he still paid him, didn't he? At one point in time, certainly as an accountant, I would hope that he paid him. One person he's tied to by – he pays him. The other person is his wife. That's the closest legal relationship you can have under our system of law is a spouse. Eggleston paid him. Eggleston paid the defendant. I mean, Eggleston was a friend and also his employer. So I think the – I don't think it's fair to characterize the – I mean, the government comes here and brings at least cases – zillions of witnesses in defense, brings three, and then it's, oh, it's cumulative. Third one. There might have to be some fairness there. I believe it was fair, Your Honor. You would – but you do recognize that the district court's reading of 701 was unnecessarily – That's correct, and that's why the prosecutors went back afterwards and said that that's not appropriate here. Obviously, the defendant is clearly – The question is whether or not that error is harmful. Well, the defendant testified. He is going to be the very best evidence of a good faith defense.  However, to make out a good faith belief defense, it is virtually impossible for a defendant to do that without taking the stand him or herself. Oh, that's not true. I said it's virtually impossible. It does not happen very often. You can attempt to make out a good faith defense through third-party witnesses, but really it's very difficult to do because the good faith defense depends on your subjective belief. It's hard to make out a subjective belief defense using third-party witnesses. So the defendant here was going to testify in any event simply because he needed to make out his defense, and he did that here. So he was able to offer his – Well, he had to do it after the court erred, and then the government helped the court get the law right. He was going to testify anyway, Your Honor? I don't know that. I'm inferring. You don't know. I'm inferring. Based on the record and based on the defense tendered here, Mr. Jantz was going to testify. Well, he subsequently testified on another matter. That's correct, Your Honor. In terms of Cheek, Cheek makes it plain in the language that a jury is entitled to consider, the reasonableness of the claim defense. So I believe the defendant's reliance on Cheek simply – yes, Cheek is key, and Cheek is key because it does say that the jury can consider whether or not – how reasonable the claimed beliefs are in determining whether or not to believe – to determine that the defense was made out. Yes, that is true. But is the jury required to convict because they find it unreasonable, even if they find a belief to be in good faith? That's a – can't they find that the reason is unreasonable, but that the good faith subjective belief exists and acquits? Yes, and that's Cheek. The instructions seem to suggest that they could. No, unreasonable belief, you've got to convict. That's the problem. It seems like that's what the instructions say. I don't believe – I don't read the instructions the way that you do, Your Honor. How do you read it? I read it as the standard, you're entitled to consider the reasonableness of the – as you assess whether or not you believe that the defendant had a good faith belief that he was not – that he was not required to file returns, you can consider that. But if he believed it, irrespective of how reasonable or unreasonable it is, then you must – then the defendant is to be acquitted. That's what the instructions say? That's how I read the instruction. If the court has no further questions. Thank you. Thank you. Mr. Davis. He has some time, Mr. Miller. Thank you, Your Honor. If the court please, the triple letter instructions were written by the judge after argument from both sides. I do a lot of trials. And when I can say to the jury, ladies and gentlemen of the jury, you've heard from the government witnesses my client's defense. I'd rather have that than my client have to testify and go through all kinds of cross-examination. So, Mr. Eggleston, the neutralist – no, that's not really a word. I just made it up. Most neutral. Most neutral. Thank you, Judge Duncan. I appreciate it. The most neutral of the witnesses as a government witness for whom they vouched was a key piece for our defense. The prosecution seems to agree now that keeping his evidence out was an error. When we get to the instructions – and, by the way, we had a general verdict, so we don't know what it was. And they were told they had to look at both. And this conduct in column A was criminal. So, if he's a criminal for doing the conduct in column A, that clouds how you look at column B. And it clouds how you look at the whole rest of the case because it's constitutionally protected speech. I don't agree with the way you do liens, Mr. Fry. Mr. Fry is a great man. He's the clerk in Fairfax for many years. And that letter to him wasn't a crime and shouldn't have been considered a crime. And I would suggest that if you have the defense of good faith properly given, the jury could have considered that as for why, that when he said he didn't have taxable income for the years, it may have been false from the point of view of an IRS agent's view of the IRS code, but it may not have been false from the view of Mr. Jenks and his view, as Mr. Eggleston and others said, that his plumbing income wasn't subject to taxation. So that wouldn't have been taxable income. But they didn't get the instruction for the defense at the time they were given the finding. And they didn't get it when they did get it correctly. Because let's look at what it actually said. It actually says that you may consider the unreasonableness of the defendant's views about the tax laws in deciding whether he held those beliefs in good faith. I have the privilege of appearing before experienced jurists and with opposing counsel who is experienced. But these are lay people sitting in a room who have no knowledge of any of this kind of stuff. And the whole purpose behind clarity and instructions and the whole purpose behind instructions is to see that they have a clear, plain understanding of the law. Isn't your main argument, though, on this, that finding instruction just required him to go automatically down to those things that were listed and find without being tethered to the actual elements itself? That's right. That if he committed one of those acts, he was guilty of the offense charged? Your Honor, Judge, I'm all of the above, Judge Wilson. I think that that's absolutely correct and that's a basis for reversal. I think this erroneous instruction is the basis for reversal. When the court did give corruptly, the verbal definition of corruptly took out intent because it said, did he ask for a refund or an advantage for himself or another he knew and then it said that was not allowed. So that didn't require any intent to do something that was law. If he wasn't entitled to it, it was a per se offense. When the court gave them written instructions, he put the and in the correct place to someone he knew and that he knew was not entitled to receive. We don't know which instruction the jury considered. Which of the two? The incorrect oral one in combination with the incorrect definition of good faith or the correct oral one and the incorrect definition of good faith? And those things in combination, it was just a confusing mess. The court also goes on to talk in the good faith instruction and I don't know where this came from. If he knowingly makes false promises to others, he does not act in good faith. What? I don't know where that came from. It's in the fourth actual paragraph of the instruction. Then it says in the paragraph above that, an honest error in management does not rise to the level of criminal conduct. Management of what? These extraneous things about management, about promises to others, where does that come from? I don't think it comes from any of the evidence in the case when I read the record or that I recall from trial. So if your honors please, we are in a situation where the jury could not have been anything but confused. They were misinstructed on a key defense that you don't find anywhere. You don't find good faith anywhere but in tax cases. And that's because it's so confusing about what you can and can't do. And so we have errors about evidence. We have errors about the indictment. Whoever drafted it, maybe they intended well, but they made a botch of it for sure. And it's confusion to the jury and it's also an incorrect instruction. And the totality of it altogether is that this just wasn't a trial where anybody can have confidence that the verdict was fairly and legitimately arrived at. And counsel is saying that if somewhere in there it could be correct, it's okay, isn't the law. If somewhere in there it could not be correct, then you can't rely on the verdict as a whole. You don't think that one count of filing a false claim for a refund would stand? The reason it wouldn't stand is this. That good faith applied to it because you had to know that you weren't entitled when you asked. That's a known duty that you know is applicable to you that you intentionally violate. That's willfulness. That's why the Supreme Court in Sheik talked in terms of criminal tax violations and willfulness. Now, the willfulness is more specific there, but it absolutely is willfulness. And as a consequence of that, the instruction that misinstructed them and took out the subjective component of good faith infects the entire case. The last piece of which is that if all of this stuff was wrong and all of this legitimate conduct in one was wrong, it had to have tainted the whole case. But I think the instruction issue is fine. Thank you all very much. I appreciate your opportunity to address you this morning. Thank you, counsel. We'll come down to greet you all, and then we will proceed to our next case. Thank you.
judges: Roger L. Gregory, Allyson K. Duncan, Samuel G. Wilson